IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LARRY COMPTON,

    Plaintiff,

v.  :  CIVIL ACTION NO.: CV514-096

GRADY PERRY; CORRECTIONS
CORPORATION OF AMERICA;
DR. TAM; MICHAEL GIDDENS;
and DR. SHARON LEWIS,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Riverbend Correctional Facility in Milledgeville, Georgia (Doc. 4, p. 1), filed a cause of action pursuant to 42 U.S.C. § 1983 (2014) contesting certain conditions of his confinement while housed at Coffee Correctional Facility in Nicholls, Georgia (Doc. 1, pp. 1, 3). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, 1915A (2014). In determining compliance, the undersigned is guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

Section 1915A requires a district court to screen a prisoner's complaint for cognizable claims before, or as soon as possible after, docketing. 28 U.S.C § 1915A(a). The court must dismiss a complaint, or any portion thereof, that is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune. Id. § 1915A(b).

Section 1915, which governs a prisoner's payment of filing fees, states that a court must dismiss an action that "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii). In Mitchell v. Farcass, the Eleventh Circuit Court of Appeals interpreted the language in section 1915(e)(2)(B)(ii). 112 F.3d 1483, 1490 (11th Cir. 1997). Noting that this language closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for deciding whether to dismiss under that rule for failure to state a claim apply equally in evaluating prisoner complaints filed pursuant to section 1915(e)(2)(B)(ii). Id. While the court in Mitchell interpreted section 1915, its interpretation guides this Court in applying the nearly identical language of the screening provisions in section 1915A.

Plaintiff contends that Dr. Tam ("Tam"), a dentist at Coffee Correctional Facility, diagnosed Plaintiff with periodontal disease and placed him on a cleaning list but, against prison policy, failed to provide Plaintiff with information and a prognosis for the future healing of his disease. (Doc. 1, pp. 9–10). Plaintiff asserts that he filed a grievance requesting treatment and medication and complaining of swollen and bleeding gums; "the formation of deep pockets between his teeth"; the loosening and shifting of his teeth; and severe halitosis. (Id. at p. 10). According to Plaintiff, his grievance was denied, without any examination of his condition, by Coffee Correctional Facility Clinical Supervisor Michael Giddens ("Giddens") and Warden Grady Perry ("Perry") and, on appeal, by Dr. Sharon Lewis ("Lewis"), Medical Director of the Georgia Department of Corrections. (Id. at pp. 10–11). Plaintiff filed the instant action naming

2

Tam, Giddens, Perry, and Corrections Corporation of America ("CCA")—a private entity that owns and operates Coffee Correctional Facility—as Defendants individually and naming Lewis as a Defendant both individually and in her official capacity. (See id. at p. 1). Plaintiff seeks relief pursuant to the Eighth Amendment for alleged deliberate indifference to his serious medical needs. (Id. at p. 11).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(A)(2). While the plaintiff need not provide detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (1937) (citations omitted) (internal quotation marks omitted). To state a claim for relief under section 1983, the plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff cannot sustain a claim against Defendant Lewis in her official capacity. A lawsuit against a state agency or a state officer in her official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 71 (1989) (finding that section 1983 does not abrogate well-established immunities under the Eleventh Amendment). Because the State of Georgia would be the real party in interest in a suit against Defendant Lewis in her official capacity as Medical Director of the Georgia Department of Corrections, the Eleventh Amendment immunizes this actor from suit. See Free v. Granger, 887 F.2d

AO 72A
(Rev. 8/82)

1552, 1557 (11th Cir. 1989). Plaintiff's claims against Defendant Lewis in her official capacity should be **DISMISSED** for this reason.

Plaintiff also fails to state a claim against Defendant CCA. CCA is a private entity that contracts with the Georgia Department of Corrections to perform "a function traditionally within the exclusive prerogative of the state" and therefore is subject to suit under section 1983. Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (internal quotation marks omitted) (quoting Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997)). Liability in section 1983 actions, however, must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Id. at 802 (quoting Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Specifically, to state a claim for relief against a supervisory defendant, a plaintiff must allege

> (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (citing West v. Tillman, 496 F.3d 1321, 1328–29 (11th Cir. 2007)).

It appears that Plaintiff seeks to hold CCA liable based solely on the alleged actions of its employees, Defendants Tam, Giddens, and Perry; however, nothing in

AO 72A
(Rev. 8/82)

Plaintiff's Complaint indicates that CCA had any involvement in, or any custom or history resulting in, Plaintiff's inability to access the dental treatment that he seeks. In fact, Plaintiff alleges that the CCA employees' actions giving rise to his claims were taken in contravention of CCA policy regarding the treatment of periodontal disease. (Doc. 1, pp. 9–11). As a result, Plaintiff's Complaint fails to plausibly suggest that CCA could be held liable for any potential constitutional violation arising out of the actions of its employees in this case, and, accordingly, Plaintiff's claims against this Defendant should be **DISMISSED**.

Relevant to Plaintiff's claims against the remaining Defendants—Tam, Giddens, Perry, and Lewis, individually—the Eighth Amendment's proscription against cruel and unusual punishment imposes upon prison officials a constitutional duty to take reasonable measures to guarantee the safety and health of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832–33 (1994); see also U.S. Const. amend. VIII. This duty to safeguard forbids prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer, 511 U.S. at 832; see also Farrow v. West, 320 F.3d 1235, 1247 (11th Cir. 2003) (finding that a delay in treatment for a nonsevere dental condition constituted deliberate indifference, based on the plaintiff's "recognized need for . . . treatment, the nature of his continuing problems, the sheer length of the delay involved, and the lack of any reasonable explanation for the inordinate delay").

Plaintiff's allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Tam, Giddens, Perry, and Lewis for alleged violations of the Eighth Amendment. A copy of Plaintiff's Complaint and a copy of this Order shall be served

AO 72A
(Rev. 8/82)

upon Defendants Tam, Giddens, Perry, and Lewis by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he or she must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

### INSTRUCTIONS TO DEFENDANTS

Since Plaintiff is authorized to proceed in forma pauperis, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition,

AO 72A
(Rev. 8/82)

Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the

AO 72A (Rev. 8/82)

permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as Defendants. Interrogatories <u>shall not be filed with the court</u>. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the

AO 72A
(Rev. 8/82)

subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations

AO 72A
(Rev. 8/82)

contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)