# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

LARRY COMPTON,

    Plaintiff,

v.

WARDEN GRADY PERRY; DR. ANDREW TAM; MICHAEL GIDDENS; and DR. SHARON LEWIS,

    Defendants.

CIVIL ACTION NO.: 5:14-cv-96

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Washington State Prison in Davisboro, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Coffee Correctional Facility in Nicholls, Georgia. (Doc. 1.) Defendants Grady Perry, Andrew Tam, and Michael Giddens filed a Motion for Summary Judgment, (doc. 18), and Plaintiff filed a Response. (Doc. 20.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Defendants Perry's, Tam's, and Giddens' Motion. I also **RECOMMEND** the Court **GRANT** summary judgment in Defendant Sharon Lewis' favor, **DISMISS** Plaintiff's Complaint, **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

Plaintiff contends that Defendant Tam, a dentist at Coffee Correctional Facility, diagnosed Plaintiff with periodontal disease and placed him on a cleaning list but, against

---

[1] The recited allegations are taken from Plaintiff's Complaint and are viewed in the light most favorable to Plaintiff, the non-moving party.

Correction Corporation of America's policy, failed to provide Plaintiff with information and a prognosis for the future healing of his disease. (Doc. 1, pp. 9–10.) Plaintiff asserts he filed a grievance requesting treatment and medication and complaining of swollen and bleeding gums, "the formation of deep pockets between his teeth", the loosening and shifting of his teeth, and severe halitosis. (Id. at p. 10.) Plaintiff also requested in his grievance to be seen by someone skilled in the treatment of periodontal disease and to receive the proper medication to destroy the bacteria in his mouth. According to Plaintiff, Defendant Michael Giddens, who is Coffee Correctional Facility's Clinical Supervisor, and Defendant Grady Perry, who was then the Warden at Coffee Correctional Facility, denied Plaintiff's grievance, without any examination of his condition. Plaintiff also asserts Defendant Sharon Lewis ("Lewis"), Medical Director of the Georgia Department of Corrections, denied his grievance on appeal. (Id. at pp. 10–11.) Plaintiff's Complaint was ordered to be served upon Defendants Perry, Tam, Giddens, and Lewis on the basis of his Eighth Amendment deliberate indifference claims. (Doc. 5.)

## DISCUSSION

Defendants Tam, Perry, and Giddens assert they are entitled to summary judgment in their favor. Specifically, Defendant Perry contends he cannot be held liable for any alleged constitutional violations based on his position as the former Warden at Coffee Correctional Facility at the time giving rise to Plaintiff's Complaint. Defendants Perry, Tam, and Giddens state Plaintiff cannot sustain his deliberate indifference claims against them. In support of their Motion, each moving Defendant submitted an affidavit, a copy of the transcript from Plaintiff's deposition, a copy of Plaintiff's relevant grievances, and a Statement of Material Facts. In response, Plaintiff filed a Statement of Disputed Facts.

As set forth below, the Court agrees that Plaintiff fails to establish a genuine dispute as to facts material to his claim, and Defendants' Motion is due to be granted as a result.

**I.     Standard of Review**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable

to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cty., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

I.   **Claims Against Non-Medical Personnel (Defendants Perry, Giddens, and Lewis)**

Plaintiff's claims against Defendants Perry and Giddens, as well as his claims against Defendant Lewis, raise several issues, which the Court addresses in turn.

A.   **Respondeat Superior Claims Against Defendant Perry**

Defendant Perry asserts he held an administrative position at Coffee Correctional Facility and lacks medical training. Defendant Perry also asserts that, if his office needed information regarding a prisoner's dental condition, it was given by Defendant Giddens based upon the dental department records. (Doc. 18, p. 9.) Defendant Perry avers Plaintiff has not alleged that the dental department deprived inmates of dental care of such a magnitude to create a widespread abuse such that Defendant Perry was put on notice of any alleged deprivations.

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[2] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the

---

[2] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

4

supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff attempts to hold Warden Perry liable based on his supervisory role at Coffee Correctional Facility. Plaintiff has failed to state a sufficient cause of action that Defendant Perry was personally involved in the denial of Plaintiff's constitutional rights or that Perry was otherwise causally connected to any such violation. Specifically, Plaintiff sets forth no argument that there was a history of widespread abuse as to inmates' dental care and treatment at Coffee Correctional Facility to put Defendant Perry on notice of any such constitutional violations. Further, Plaintiff offers no evidence that Defendant Perry directed any alleged constitutional violations or failed to prevent any constitutional violations committed by dental department personnel. Plaintiff cannot hold Defendant Perry, or any other Defendant, liable based on any respondeat superior or supervisory liability theory. This portion of the Motion for Summary Judgment should be **GRANTED**, and the Court should **DISMISS** any claim against Defendant Perry based on his position as the Warden at Coffee Correctional Facility.

### B. Claims Based on Defendants Perry's, Giddens', and Lewis' Denial of Grievances

Defendants Perry and Giddens further contend that Plaintiff is attempting to hold them liable based on their denial of his grievance. In addition, it appears that Plaintiff has named Lewis as a Defendant based solely on her title as Medical Director of the Georgia Department of Corrections and because she upheld the denial of Plaintiff's grievance.[3] However, as Defendants

---

[3] The Court notes Defendant Lewis, who is not represented by counsel for Defendants Perry, Tam, and Giddens, has yet to be served with a copy of Plaintiff's Complaint. Dkt. Entry dated Feb. 3, 2016. However, Plaintiff's claims against Defendant Lewis are subject to dismissal, even without benefit of service. The Court would not ordinarily dismiss a *pro se* inmate's claims against a defendant without benefit of service of a complaint or prior notice of the potential for such a dismissal. In this case,

Perry and Giddens assert, liability for alleged constitutional violations cannot be based upon the mere denial of a grievance.

"An allegation that prison officials denied grievances does not 'support a finding of constitutional violations on the part of' those defendants." Gresham v. Lewis, No. 6:15-CV-86, 2016 WL 164317, at *3 (S.D. Ga. Jan. 13, 2016) (citing Bennett v. Sec'y, Fla. Dep't of Corr., No. 4:12CV32-MP/CAS, 2012 WL 4760856, at *1 (N.D. Fla. Aug. 27, 2012), *report and recommendation adopted*, No. 4:12-CV-00032-MP-CAS, 2012 WL 4760797 (N.D. Fla. Oct. 2, 2012) (quoting Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993)); see also Ludy v. Nelson, No. 5:14-CV-73-MTT-CHW, 2014 WL 2003017, at *3 (M.D. Ga. Apr. 18, 2014), *report and recommendation adopted*, No. 5:14-CV-73 MTT, 2014 WL 2003096 (M.D. Ga. May 15, 2014) ("However, the mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009), and Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005)).

Plaintiff wishes to hold Defendants Giddens and Perry liable based on their roles in the denial of Plaintiff's grievance pertaining to his dental care and treatment. In addition, Plaintiff's

---

dismissal of Plaintiff's claims against Defendant Lewis is appropriate. A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R & R") provides such notice and opportunity to respond." See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R & R served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his claims against Defendant Lewis are due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12–CV–3562–TWT–JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

only mention of Defendant Lewis in his statement of claim is that he appealed the denial of a grievance to her. These are insufficient bases for liability under Section 1983. Because Plaintiff has failed to plausibly allege that Defendants Perry, Giddens, and Lewis were personally involved in, or otherwise causally connected to, the alleged violations of his constitutional rights, the Court should enter summary judgment in these Defendants' favor and **DISMISS** all claims against Defendants Perry, Giddens, and Lewis.[4]

## II. Eighth Amendment Claims

Plaintiff's claims relating to his dental problems and the treatment therefor give rise to a discussion of the Eighth Amendment. The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

To prevail on a deliberate indifference claim, a prisoner must demonstrate "(1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Youmans v. Gagnon, 626 F.3d 557, 563 (11th

---

[4] Additional grounds exist for the dismissal of Plaintiff's claims against Defendants Giddens and Perry, as set forth in Section II.B. of this Report, *infra*.

7

Cir. 2010). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

"The meaning of 'more than gross negligence' is not self-evident[.]" Id. In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Cty. Det. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504). "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

### A. Defendant Tam

Defendant Tam, a dentist at Coffee Correctional Facility, contends Plaintiff suffers from periodontal disease, a condition which was examined, addressed, and required no further care. (Doc. 18, p. 11.) Defendant Tam asserts Plaintiff suffers from a "longstanding gum condition experienced by many and which did not carry with it a substantial risk of medical harm." (Id.)

8

Defendant Tam avers Plaintiff's dental condition was not serious because it was a longstanding condition, and it was being addressed by dental staff. Defendant Tam states Plaintiff's condition required "patient compliance with dental hygiene, as well as periodic cleaning that was available, was offered and was done, on request." (Id.) Defendant Tam asserts Plaintiff is the only person who asserts different or additional care was possible, and he relied upon his family for medical advice.

Defendant Tam declares Plaintiff was already suffering from "moderate periodontal disease[ ]" when he came to the attention of the dental staff at Coffee Correctional Facility. (Id. at p. 18.) In general, inmates at Coffee Correctional Facility are offered annual cleanings and examinations, and Plaintiff specifically received individualized care. Defendant Tam also declares Plaintiff had "significant progression of dental disease in tooth numbered 12. His longstanding periodontal disease was primarily manifested by bone deterioration." (Id.) Defendant Tam proclaims he advised Plaintiff he needed to have tooth numbered 12 extracted because it was "severely infected (but encapsulated) and could not be saved." (Id.) Defendant Tam notes he observed eight to nine "pockets of generalized advanced periodontal disease" at that point. (Id.)

In response, Plaintiff asserts Defendant Tam admitted in his interrogatory responses that he used a periodontal probe that is different and more accurate than the one required by Correctional Corporation of America's policies. Plaintiff contends there is no record of him being diagnosed with having periodontal disease until after he instituted this cause of action. Plaintiff contends he did not want teeth in the front of his mouth to be pulled because these extractions would alter his appearance. (Doc. 20, p. 2.) Plaintiff states his belief that, if he had access to and was given alcohol-based mouthwash while he was waiting on the "massive

cleaning list", he and other inmates who cannot afford toothpaste or dental floss could save their teeth by slowing the progression of periodontal disease. (Id. at p. 3.)

Defendant Tam opines "to a reasonable degree of dental and medical certainty" that Plaintiff's periodontal disease "was caused by a long history of inadequate dental hygiene and chronic decomposition of a tooth and bone structure," which occurred "well before he arrived at Coffee Correctional Facility." (Id. at pp. 18–19.) In addition, Defendant Tam states Plaintiff's condition and its progression were not caused by or exacerbated by the absence of quality toothbrushes, flossing materials, toothpaste, or mouthwash containing alcohol.[5] Defendant Tam states Plaintiff's condition is not reversible, and he will eventually need to have his teeth extracted and to get dentures. However, Defendant Tam notes the dental treatment Plaintiff was provided at Coffee Correctional Facility was appropriate, as he suffered from no emergent or life-threatening condition requiring other dental care or outside treatment. (Id. at p. 19.)[6]

Plaintiff admitted during his deposition that he asked about his gums bleeding and his breath "when [he] first got in the system[ ]" at Georgia State Prison.[7] (Doc. 18, pp. 38, 47.) Plaintiff testified that he asked Defendant Tam about his gums, and Defendant Tam told him his gums were receding and he could fill in where Plaintiff's gums were receding. Plaintiff stated he

---

[5] Defendants Tam, Giddens, and Perry all declare the prison does not stock products containing alcohol, as doing so would pose a threat to the orderly running of the institution. (Doc. 18, pp. 18, 22, 25.) Plaintiff offers nothing in response to their declarations.

[6] The Court does not know whether Defendants' counsel hastily prepared the Motion for Summary Judgment or whether counsel simply overlooked certain things of import for the Court's consideration of the Motion. It seems inconceivable for counsel not to have submitted copies Plaintiff's dental records, considering Plaintiff's treatment by Defendant Tam is the core of Plaintiff's cause of action. Counsel references Plaintiff's records, (doc. 18, pp. 6–7), but he did not actually submit these records. Despite this, the Court is able to reach a determination regarding the continued viability of Plaintiff's Eighth Amendment claims.

[7] Plaintiff's term of imprisonment began on July 15, 2004. http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp. He was housed at Coffee Correctional Facility from July 13, 2010, until his transfer to another facility on December 1, 2014. (Doc. 18, pp. 6, 45.)

told Defendant Tam that was "not right[ ]" and that he was not trying to correct the problem. (Id.) Plaintiff also stated Defendant Tam confirmed he was suffering from periodontal disease, yet Defendant Tam told him he would not provide Listerine or something "his folks" told him about called OraMD. (Id. at p. 39.) However, Plaintiff also admitted no dentist or dental provider at his place of confinement at the time of his deposition advised him that Defendant Tam or anyone else at Coffee Correctional Facility caused him to receive improper dental care, and his information about his preferred course of treatment came from his "family's research and how [he] feel[s] about [his] condition." (Id. at p. 44.)

The evidence before the Court reveals that Plaintiff suffers from periodontal disease, and periodontal disease constitutes a serious medical need within the context of the Eighth Amendment. See Sands v. Chessman, 339 F. App'x 891 (11th Cir. 2009). However, the evidence before the Court does not contain any support for the claim that Defendant Tam was deliberately indifferent to Plaintiff's serious medical needs. Rather, the evidence bears that Plaintiff does not agree with the dental care and treatment Defendant Tam provided or the recommended course of treatment Defendant Tam made, such as removing at least one of Plaintiff's teeth. Simply because Plaintiff wanted more or different treatment does not constitute deliberate indifference. Blanchard, 262 F. App'x at 964. Further, there is no evidence that the treatment Defendant Tam provided caused or exacerbated Plaintiff's periodontal disease. Id. ("When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is minimally adequate.") (internal citation and punctuation omitted). To the contrary, the only evidence before the Court is that Plaintiff has been suffering from periodontal issues since at least 2004, which was well before he

11

was housed at Coffee Correctional Facility, and that he continues to suffer with periodontal issues. (Doc. 18, pp. 38, 47.)

In short, Plaintiff has failed to show that Defendant Tam was deliberately indifferent to his serious medical needs. The Court should **GRANT** summary judgment in favor of Defendant Tam and **DISMISS** Plaintiff's claims against Defendant Tam.

### B. Whether Non-Medical Personnel are Liable for Plaintiff's Dental Treatment

Defendant Giddens contends he holds a clinical administrative position as the clinical supervisor, and he does not direct how Defendant Tam treats his patients. Defendant Perry asserts Plaintiff understands he is not a dentist and is not medically trained. Defendant Perry also asserts he could not direct medical or dental personnel to provide Plaintiff with specific dental procedures, medication, or some course of care Plaintiff felt he needed. (Doc. 18, pp. 7–8, 11.)

Plaintiff recognizes Defendant Giddens is not a dentist or medical doctor, yet he claims Defendant Giddens "gave medical solutions for relief" in response to grievances. (Doc. 20, p. 3.) Plaintiff notes Defendant Giddens admitted he did not check whether Defendant Tam followed policy for the proper care standard before he offered a statement in response to Plaintiff's grievance. Plaintiff contends Defendant Giddens declared in his statement dated August 10, 2015, that indigent prisoners are issued basic hygiene items, such as toothbrushes and dental floss, yet he was never issued these items while he was housed at Coffee Correctional Facility.[8] (Id.)

---

[8] Defendant Giddens made this statement as a generality. In addition, Defendant Giddens stated he was not made aware of Plaintiff having failed to receive basic hygiene items, such as a toothbrush or dental floss. (Doc. 18, p. 22.) In addition, Plaintiff failed to provide the Court with his interrogatories or any other supporting documentation, such as the policy Plaintiff claims Defendants violated, despite his citation to these items. Even if Defendants violated a Corrections Corporation of America policy, violation of a policy, standing alone, does not constitute a constitutional violation. Stallworth v.

"A medical treatment claim will not lie against non-medical personnel unless they were personally involved in the denial of treatment or deliberately interfered with prison doctors' treatment. Prison officials are entitled to rely on the opinions, judgment and expertise of a prison medical staff to determine a medically necessary and appropriate cause of treatment for an inmate." Baker v. Pavlakovic, No. 4:12-CV-03958-RDP, 2015 WL 4756295, at *7 (N.D. Ala. Aug. 11, 2015) (citing Williams v. Limestone Cty., Ala., 198 F. App'x 893, 897 (11th Cir. 2006)). "[It] is widely held that non-medical prison personnel are generally entitled to rely on the expertise of the medical staff and are not required to second-guess the medical staff's judgment regarding an inmate's care." Stallworth v. Graham, No. 4:14-CV-00134-RDP, 2015 WL 4756348, at *5 (N.D. Ala. Aug. 11, 2015) (citing Johnson v. Doughty, 433 F.3d 1001, 1011 (7th Cir. 2006) ("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals[.]"), and Kelly v. Ambroski, 97 F. Supp. 3d 1320, 1343 (N.D. Ala. 2015) ("[I]n the absence of a reason to believe, or actual knowledge, that medical staff is administering inadequate medical care, non-medical prison personnel are not chargeable with the Eighth Amendment scienter requirement of deliberate indifference[.]")).

Plaintiff does not allege that Defendants Giddens and Perry, the non-medical Defendants, prevented him from seeking or receiving medical care. Rather, he complains that they were not proactive enough for him. Such allegations simply do not state a claim for a constitutional violation. There is nothing in the record which shows Defendants Giddens or Perry were aware of facts from which they, as laypersons, should have known that Defendant Tam's treatment of Plaintiff's periodontal disease was medically inappropriate. Accordingly, Defendants Giddens

---

Huffman, No. 07-0439-KD-B, 2008 WL 2858591, at *15 (M.D. Ala. July 22, 2008) (citing Cagle v. Sutherland, 334 F.3d 980, 986–87 (11th Cir. 2003) (a violation of a policy alone is insufficient to show a defendant acted with deliberate indifference)).

and Perry are entitled to summary judgment in their favor, and Plaintiff's claims against these Defendants on this basis should be **DISMISSED**.

III.     **Leave to Appeal *In Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[9] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]") (italics supplied). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[9] A Certificate of Appealability ("COA") is not required to file an appeal in a Section 1983 action.

Based on the above analysis of Defendants' Motions for Summary Judgment, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Court **GRANT** Defendants' Motion for Summary Judgment. (Doc. 18.) I also **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of February, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA